UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: SA CV 12-01400 SJO (PLAx)  DATE: February 25, 2013

TITLE: Rebecca Waterman v. Experian Information Solutions, Inc., et al.

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                           Not Present
Courtroom Clerk                            Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**         **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING DEFENDANT DATAQUICK LENDING SOLUTIONS, INC.'S MOTION TO DISMISS COMPLAINT** [Docket No. 15]

This matter is before the Court on Defendant Dataquick Lending Solutions, Inc.'s ("Defendant") Motion to Dismiss ("Motion"), filed November 20, 2012. Plaintiff Rebecca Waterman ("Plaintiff") filed a *Corrected* Opposition to Defendant's Motion on December 18, 2012, to which Defendant filed a Reply on January 7, 2013.[1] The Court found this matter suitable for disposition without oral argument and vacated the hearing set for February 26, 2013. *See* Fed. R. Civ. P. 78(b). For the following reasons, Defendant's Motion to Dismiss is DENIED.

I.    FACTUAL AND PROCEDURAL BACKGROUND

The Complaint sets forth the following allegations. (*See generally* Compl., ECF No. 1.) In or around June 2012, Defendant requested and obtained consumer credit information about Plaintiff from three different consumer reporting agencies: TransUnion, Equifax, and Co-Defendant Experian Information Solutions, Inc. ("Experian").[2] (Compl. ¶¶ 19, 21.) The data provided by TransUnion and Equifax did not contain any faulty information about Plaintiff. (Compl. ¶ 20.) However, the data provided by Experian contained inaccurate information, such as a bankruptcy, accounts with Chase and Citibank, and the wrong date of birth. (Compl. ¶¶ 8, 30.) The data provided by Experian was inconsistent with the data provided by TransUnion and Equifax. (Compl. ¶ 22.)

---

[1]  Defendant's Reply to the Motion to Dismiss exceeds the page limits set forth in the Court's Standing Order. (Standing Order ¶ 19.) As such, the Court declines to read beyond the page limitation.

[2]  Co-Defendant Experian did not join or respond to the Motion.

MINUTES FORM 11                                                          __ : __
CIVIL GEN                    Page 1 of 4           Initials of Preparer   Vpc

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **CASE NO.:** CV 12-01400 SJO (PLAx)  SA | **DATE:** February 25, 2013 |

Defendant assembled and merged together the data received from the three consumer reporting agencies into a credit report (also known as a tri-merge report). (Compl. ¶ 23.) According to Plaintiff, this was done without taking any steps to ensure the accuracy of the report. (Compl. ¶ 23.) Defendant then "re-sold" that credit report to Stephenson National Bank and Trust for a fee in connection with a mortgage application submitted by Plaintiff. (Compl. ¶¶ 24-25.) Based on the information provided by Defendant in the credit report, Plaintiff's mortgage application was denied. (Compl. ¶ 25.)

On August 28, 2012, Plaintiff commenced this action against Defendant for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Specifically, Plaintiff brings one cause of action against Defendant for willfully and negligently preparing a consumer report in violation of 15 U.S.C. § 1681e(b). (Compl. ¶¶ 44-49.) Defendant moves for dismissal of the Complaint for failure to state a claim under the FCRA.[3] (*See generally* Mot., ECF No. 15.)

II.   DISCUSSION

   A.   Legal Standard for Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003). In evaluating a motion to dismiss, a court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Dismissal is proper if the complaint lacks a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Ileto*, 349 F.3d at 1200. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To plead sufficiently, a plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when

---

[3]   Defendant requests the Court to take judicial notice of a minute order issued by the Honorable Josephine Staton Tucker in *Johnson v. Experian*, SACV 12-230-JST (JPRx) (C.D. Cal. June 7, 2012). (Req. for Judicial Notice Ex. 1, ECF No. 17.) In *Johnson*, plaintiff's § 1681e(b) claim against Defendant Dataquick was dismissed for failure to state a valid claim. The basis for the dismissal was that the plaintiff only generally alleged that the defendants had been reporting derogatory and inaccurate statements to third parties. *Johnson* is inapposite to the instant case, and the contents of Judge Tucker's order is not an adjudicative fact within the purview of Federal Rule of Evidence 201.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| CASE NO.: | CV 12-01400 SJO (PLAx) SA | DATE: | February 25, 2013 |

"the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Rule 8(a)(2) requires that the allegations in the complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2).

    B.    Analysis

        1.    Failure to Satisfy the Elements of 15 U.S.C. § 1681e(b)

Pursuant to § 1681e(b), "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). The parties do not dispute that Defendant is both a "reseller" and a consumer reporting agency ("CRA") as defined under the FCRA. However, the parties do dispute whether resellers should be held liable under 15 U.S.C. § 1681e(b) when an individual's information is used to create a tri-merge report. (Mot. 3.) Although Defendant agrees that as a reseller of information, it is by definition a CRA, Defendant argues that under the FCRA, resellers are "subject to a different, and more practical, set of requirements than those applicable to the traditional CRAs." (Mot. 4-5.) Defendant opines that § 1681e(b) only applies to those CRAs that "prepare" consumer reports, as opposed to those that "resell" consumer reports, such as itself. (Reply 2.) The Court is not persuaded.

While it is true that the FCRA sets forth different requirements for resellers of information (for example, § 1681i), nowhere does the FCRA set forth a different standard in § 1681e(b), which requires CRAs, whether traditional or not, to follow reasonable procedures. *See Poore v. Sterling Testing Sys., Inc.*, 410 F. Supp. 2d 557, 566 (E.D. Ky. 2006) ("Where Congress has chosen to limit a reseller's obligations under the Act, it has explicitly done so."). Additionally, Defendant does not cite any case law in support of its proposition that as a reseller, it does not "prepare" a consumer report. Pursuant to 15 U.S.C. § 1681a, a CRA is defined as an "agency that regularly engages in the practice of assembling or evaluating, and maintaining, for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(p). Similarly, a reseller is defined as a CRA that "assembles and merges information contained in the database of another consumer reporting agency or multiple consumer reporting agencies concerning any consumer for purposes of furnishing such information to any third party." 15 U.S.C. § 1681a(u). Nowhere in these definitions is there a distinction between an agency that "prepares" a consumer report and one that does not.

Defendant's argument is further refuted by the fact that resellers such as Defendant have been held obligated "to establish procedures to ensure the accuracy of the information it resells." *Poore*, 410 F. Supp. 2d at 566. In *Perez v. Trans Union, LLC*, 526 F. Supp. 2d 504, 509 (E.D. Pa. 2007), the court concluded that the plaintiff had presented sufficient evidence to survive summary judgment on its § 1681e(b) claim that defendant reseller had failed to follow reasonable

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

SA
**CASE NO.:** **CV 12-01400 SJO (PLAx)**     **DATE:** **February 25, 2013**

procedures to assure the accuracy of its report.  As such, the Court does not find merit to Defendant's arguments that it has no liability under § 1681e(b).

III.     RULING

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint is **DENIED**. Defendant shall file its answer **on or before March 18, 2013**.

IT IS SO ORDERED.